PEOPLE *v.* SNELENBERGER.

RECEIVING STOLEN GOODS—CRIMINAL LAW—SUFFICIENCY OF EVI-
DENCE.

Where, in prosecution for receiving stolen automobile knowing it
to have been stolen, no witnesses were called for defendant, and
evidence submitted by people justified conviction, defendant's
motion for directed verdict was properly denied.

Error to Genesee; Brennan (Fred W.), J. Sub-
mitted October 17, 1929. (Docket No. 145, Calendar
No. 34,331.) Decided December 3, 1929.

Wilson Snelenberger was convicted of having
knowingly received and concealed a stolen automo-
bile. Affirmed.

*C. A. Higgs* and *W. J. Nash,* for appellant.

*Wilber M. Brucker,* Attorney General, *Charles D.
Beagle,* Prosecuting Attorney, and *Ralph M. Free-
man,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. Reuben and Kenneth Snelenberger,
sons of the defendant, pleaded guilty to the larceny
of a Chevrolet landau sedan from one John Jablon-
ski at Bay City on September 13, 1928, and are now
serving a sentence therefor in the State prison at
Marquette. The defendant was convicted of receiv-
ing this automobile, knowing it to have been stolen,
and also with its concealment. He here seeks re-
view of his sentence by writ of error.

The car was stolen from the fair grounds at Bay
City and taken to the farm home of the defendant's

sons near Flushing, in Genesee county. Reuben's
wife, Fay, now divorced and remarried to a man
named McKinzie, was with them at the time. She
testified that a few days before the theft she heard
the defendant, "tell Reuben he wanted him to get
him a Chevrolet landau sedan, and Reuben said, 'If
we can't get it will something else do?' He said,
'No,' he had his head set on a landau sedan, that is
what he wanted, and to be sure not to get a special
paint job so they would not have to paint it over."

The record discloses that Reuben had before that
time purchased a wrecked car of the same model
from a second-hand dealer, and had had the title
transferred by him to the defendant. He removed
the motor therefrom, and took it to his home. Mrs.
McKinzie further testified that on the morning after
the car was stolen the defendant came to his son's
home, a few miles from his own place, and that she
saw him and his sons working around the car in the
barn for several days thereafter. After the motor
had been changed, she went with Reuben when he
took the car to the defendant's farm. Defendant
came out to the car to go for a ride with them. He
then said, "Be still in front of mother in regard to
the car." Clearly, defendant's motion for a direct-
ed verdict was properly denied.

In his instructions to the jury the court stated
that it was undisputed that Reuben secured the mo-
tor from the second-hand car, and had the transfer
of title made out in the name of the defendant; that
Reuben took the motor to his own home, and the
motor was then put into the stolen car, and, "that
during all the time of this changing the father was
there, but whether he assisted or not I don't know,
there is nothing in the testimony to show whether
he did or not."

No witnesses were called by the defendant. The testimony of Mrs. McKinzie was in no way disputed, and justified this statement to the jury.

Error is assigned upon the opening statement and final argument of the prosecuting attorney. No reversible error is disclosed therein. In our opinion the defendant had a fair trial, and the evidence submitted justified his conviction.

The judgment is affirmed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.